IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company,<br><br>    Plaintiff,<br><br>v.<br><br>Gwendolyn Boyd, Elizabeth, Boyd, Eric Cribb, Olin Broome, Roi Young, as Personal Representative of the Estate of Dana Young, James Connolly and Danette Vernon, as Co-Personal Representative of the Estate of Liam Connolly,<br><br>    Defendants. | CASE NO.: 9:04-2021-23<br><br>**ORDER** |

This matter is before the court upon Plaintiff State Farm Mutual Automobile Insurance Company's ("State Farm") Motion for Summary Judgment. For the reasons set forth herein, the motion is granted.

## I. BACKGROUND

This matter involves a car accident in which Defendant Eric Cribb ("Cribb"), while driving a 1989 Honda automobile, collided with a truck driven by Defendant Olin Broome ("Broome"), killing the two passengers in Cribb's car and causing serious injuries to Cribb and Broome. At the time of the accident, Defendant Elizabeth Boyd ("Boyd") owned the Honda and loaned it to Cribb for his use. Cribb lived with Boyd and her mother Gwendolyn Boyd

("policyholder")[1] and had previously been the foster child of the policyholder's brother Sherwood Fender ("Fender").[2]

On February 20, 2004, Broome filed a complaint in the Beaufort County Court of Common Pleas ("state action") against Cribb and Boyd for negligence and negligent entrustment, respectively. While Progressive Insurance Company ("Progressive Insurance") insured the Honda, State Farm covered the policyholder's 1996 Jeep Grand Cherokee. State Farm brought an amended declaratory judgment action in federal court on December 21, 2004, alleging that its policy did not cover either Cribb or Boyd for Broome's claims against them in the state action. State Farm filed this motion for summary judgment in support on March 10, 2005, to which Defendants responded on April 22, 2005.

## II. STANDARD OF REVIEW

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council*

---

[1] The policyholder and Boyd will be referred to the "Boyds" when mentioned together.

[2] Cribb lived with Fender as a foster child for approximately nine years. While Cribb was eventually returned to his natural parents, he always considered Fender's family -- including the Boyds -- as his family. In fact, Cribb lived with the Boyds at the time of the accident. (Resp. at 15.)

*No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'"  *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)).  Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases."  *Celotex*, 477 U.S. at 327.

### III.  DISCUSSION

State Farm argues that it is entitled to summary judgment because the policy does not apply to Cribb or Boyd: (1) Boyd's Honda does not constitute a "non-owned car" for either Cribb or Boyd,[3] (2) Cribb is not a "relative" as defined under the policy, and (3) Boyd is not an insured.  Defendants contend, however, that (1) the car is a non-owned car with respect to Cribb, (2) Cribb is an insured because he is a "relative" of the Boyds, (3) the car is a non-owned car with respect to Boyd, and (4) Boyd is an insured.  Upon reviewing the motion, the court finds for State Farm.

**A.  The Policy With Respect to Cribb**

Insurance policies are subject to general rules of contract construction.  *Sloan*

---

[3] The policy extends coverage "to the use, by an ***insured***, of a . . . ***non-owned car***."  *See* Policy at 8 (alterations in original).

3

*Construction Company, Inc. v. Central National Insurance Company of Omaha*, 236 S.E.2d 818, 819 (1977). The court must enforce, not write, contracts of insurance and must give policy language its plain, ordinary and popular meaning. *MGC Mgmt.,Inc. v. Kinghorn Ins. Agency*, 520 S.E.2d 820, 823 (S.C. Ct. App. 1999). The court should not "torture the meaning of policy language in order to extend or defeat coverage that was never intended by the parties." *Id.*

State Farm agrees to pay damages for which an insured becomes legally liable to pay because of bodily injury to others and for damage to property caused by an accident resulting from the ownership, maintenance or use of the policyholder's car. (Policy at 8.) State Farm also agrees to defend any suit against an insured for such damages and liability coverage can extend to an insured's use of a car not owned by the policyholder. *Id.* Because the policyholder's Jeep Cherokee, and not Boyd's Honda, is described in the declarations page, Cribb can be insured only if (1) the Honda is a "non-owned car" as to him and (2) he is an insured.

The "non-owned car" provision provides the following:

> ***Non-Owned Car*** - means a ***car*** not owned by, registered to or leased to:
>    1. ***you, your spouse***
>    2. any ***relative*** unless at the time of the accident or loss:
>         a.  the car currently is or has within the last 30 days been insured for liability coverage; and
>         b.  the driver is an ***insured*** who does not own or lease the ***car***;
>    3. any other ***person*** residing in the same household as you, your spouse or any relative; . . . .

*See* Policy at 4 (alterations in original). The court agrees with Defendants that Cribb was "any other person residing in the same household" as the Boyds, which makes the Honda a non-owned car as to him. The court disagrees with Defendants, however, as to the second part of the analysis -- that Cribb was an insured. The applicable provision states the following:

> When we refer to a ***non-owned car***, ***insured*** means: . . .

4

> 1. the first *person* named in the declarations;
> 2. his or her *spouse*;
> 3. their *relatives*, and
> 4. any *person* or organization which does not own or hire the *car* but is liable for its use by one of the above *persons*.

*See* Policy at 9 (alterations in original). The policy defines "relative" to mean

> a *person* related to *you* or *your spouse* by blood, marriage or adoption who resides primarily with *you*. It includes *your* unmarried and unemancipated child away at school.

(Policy at 4.)

The court finds that Cribb is not an insured -- he is not a "relative" and is not a person that could be liable for the policyholder's or Boyd's use of the Honda. Defendants argue that as Fender's former foster child, the policyholder and Boyd are Cribb's "aunt" and "cousin," respectively. Moreover, Cribb contends that he is a "family" member because he has maintained close contact with the Boyd family throughout his life:

> Q. Do you claim to be related by blood or marriage to either Gwendolyn Boyd or Elizabeth Boyd?
> A. Not by blood or marriage but I claim to be related to them simply because I was brought up as them being my family . . . . I mean they are my family as far as I am concerned."

*See* Resp. at 7.

The policy's definition for "relative," however, is unambiguous and does not provide that a foster child can be a relative. As Defendants concede, foster care is a legal relationship different from adoption and had State Farm intended the term "relative" to include foster care, it could have stated so. In addition, while the court does not question the closeness of Cribb's relationship with the Boyds, the court cannot expand the policy's definition to include people or relationships not stated within it. As the South Carolina Supreme Court in *Inman v. South*

5

*Carolina* concluded, while individuals who are not related by blood or marriage may deem themselves to be "family," the terms "family" and "relative" are not synonymous, as "[o]ne's 'family' may include those who are 'relatives,' but it may also include persons not related to each other." 389 S.E.2d 173, 174 (S.C. Ct. App. 1990) (affirming the lower court's decision to grant summary judgment because the decedent was not a "relative" and thus not covered under the policy as she was not related to the insured by blood or marriage).[4] Accordingly, upon a review of the plain language of the contract, Cribb is not a "relative."[5]

Furthermore, the clause stating that an insured can constitute "any person . . . [who] does not own . . . the car but is liable for its use by one of the above persons" does not apply to Cribb.

---

[4] While not binding, it is worth noting that courts in other states have concluded that a foster child is not a relative under the common definition of the term. *See, e.g.*, *Ledford v. State Farm Mutual Automobile Insurance Company*, 377 S.E.2d 693, 694 (Ga. Ct. App. 1989) (holding that a foster child was not a relative where the policy did not define "relative." The court found that the term was understood to mean persons connected by blood, marriage or adoption); *Cadwallader v. Allstate Insurance Company*, 848 So.2d 577 (La. 2003) (stating that the named insured's foster children were not "relatives" and so were not "insureds" under the policy's liability coverage. The policy did not define relative, but it unambiguously referred to persons related by blood or marriage.)

[5] Defendants argue that Cribb is a relative because he was a resident of the policyholder's household and as a result, should be classified as a resident relative and as an insured. Defendants specifically point to the South Carolina Supreme Court's decision in *State Farm and Casualty Company v. Breazell*, where the court found that a foster child was an insured for purposes of a homeowners' insurance policy that defined an insured as "you and, if residents of your household: a) your relatives; and b) any other person under the age of 21 who is in the care of a person described above." 478 S.E.2d 831, 832 (S.C. 1996). The court reasoned that because the foster child was a resident and was under the policyholder's care, the child was an insured. *Breazell*, however, differs from our case because here, the policy requires that a relative be related by blood, marriage, or adoption *and* also reside with the policyholder, not simply be a resident under the care of someone else. *See* Policy at 4 ("*Relative* -- means a *person* related to *you* or *your spouse* by blood, marriage, or adoption who resides primarily with *you*.) (alterations added). Here, Cribb is simply not related to the policyholder and is therefore not an insured.

*See* Policy at 9 (alterations added). State Farm interprets the clause as it is written: that an individual who classifies as "any person" can be an insured if he or she is liable for "one of the above persons[']" – the first person named in the declarations, his or her spouse, or their relatives – use of the car. (*See* Mot. at 7.) Under that interpretation, it is clear that Cribb could not have been held liable for the policyholder's or Boyd's use or misuse of the Honda -- even Defendants do not suggest otherwise.

Defendants, however, contend that the clause is ambiguous because it believes that the provision could be read to mean that the person classified as "any person" can be an insured if he or she is "*responsible to*" "one of the above persons" for the damages caused by the person classified as "any person." (Resp. at 18.) Here, because Cribb could qualify as "any person," Defendants' interpretation could make Cribb an insured, as Cribb could have been responsible or accountable to the policyholder or Boyd for his use of the car as a member of their household.

The court, however, finds that the policy is not ambiguous, as State Farm's interpretation best follows the plain meaning of the policy. First, the phrase does not include the words "*responsible to*" but states clearly that for "any person" to be an insured as to the non-owned car, he or she must be "*liable for* its use by one of the above persons," language that more closely parallels State Farm's reading: the person must be liable for "one of the above persons[']" use of the car. Moreover, Defendants do not cite to any case in which a court interpreted the policy in a manner similar to their interpretation or held that the clause was ambiguous. To the contrary, at least one court has held that this same clause in another State Farm policy was not ambiguous. *Crawley v. State Farm Mut. Auto. Ins. Co.*, 979 P.2d 74, 83 (Haw. Ct. App. 1999) ("We conclude . . . that the [any person . . . who does not own . . . the car but is liable for its

7

use . . .] clause is not ambiguous.).

In *Crawley*, the named insured's daughter -- a minor who did not reside with the named insured -- was driving a GMC "Jimmy" automobile and the appellants were her passengers. *Id.* at 75. The daughter failed to stop at a stop sign and collided with another vehicle, thus injuring the appellants. *Id.* The appellants argued that the disputed clause applied to the daughter and sought to require State Farm to pay. *Id.* at 83. In denying the claim, the court interpreted the clause in a manner similar to State Farm's reading in our case and found that "[p]lainly, [the daughter] was not liable for any supposed use of the Jimmy by [the named insured] since [the daughter] was a minor child, not a parent." *Id.* Thus, while the named insured could have been liable for the minor child's use under the state's statute establishing vicarious liability for the parents of a minor child, the minor child could not be held liable for her parent's use. *See id.*[6]

Here, the clause can and should be read according to State Farm's and the *Crawley* court's interpretation. An insurance policy should not be interpreted in an unreasonable manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms and courts should not strain to find ambiguity in a policy where none exists. *Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 636 (4th Cir. 2005) ("As with other contracts, when interpreting a policy courts must not strain to find ambiguities."). Because Defendants have not asserted, nor can they assert, that Cribb could be liable for the policyholder's or Boyd's use of the Honda, Cribb is not an insured. Accordingly, the court grants State Farm's motion

---

[6] In another decision, both the insurer and the appellant interpreted the policy in a manner similar to State Farm's interpretation here. *See, e.g.*, *Gilmer v. State Farm Mutual Automobile Ins. Co.*, 110 Cal. App. 4th 416, 420 (Cal. App. 4th Dist. 2003) (concluding that the driver involved in an accident was not an insured despite the appellant's argument that the driver was liable for the vehicle's use by "one of the above persons" named in the clause).

8

as to this ground.

### B. The Policy With Respect to Boyd

The court must also decide (1) whether Boyd's vehicle qualified as a non-owned car and (2) whether Boyd can qualify as an insured so that State Farm would be required to defend her in the underlying state action.

Again, the non-owned car provision states the following:

> *Non-Owned Car* - means a *car* not owned by, registered to or leased to:
> 1. *you, your spouse*
> 2. any *relative* unless at the time of the accident or loss:
>    a. the car currently is or has within the last 30 days been insured for liability coverage; and
>    b. the driver is an *insured* who does not own or lease the *car*;
> 3. any other *person* residing in the same household as you, your spouse or any relative; . . .

*See* Policy at 4 (alterations in original). Boyd is the policyholder's daughter and as a result, her car can qualify as a "non-owned car" in relation to her only if it satisfies the provision's second paragraph, which would mean that the Honda was insured within the last thirty days of the policy's inception *and* the driver Cribb was an insured. State Farm concedes that the car was insured within the thirty day period but argues that Cribb is not an insured. For the reasons previously stated, Cribb is not an insured and as a result, the Honda is not a non-owned car with respect to Boyd.

Moreover, Boyd individually is not an insured. Because her car, and not the policyholder's vehicle, was involved, Boyd can be classified as an insured only if her car is a non-owned car and if she is an insured under the non-owned car provision:

> *Non-Owned Car* - means a *car* not owned by, registered to or leased to:
> 1. *you, your spouse*
> 2. any *relative* unless at the time of the accident or loss:

>                    a. the car currently is or has within the last 30 days been insured
>                    for liability coverage; and
>                    b. the driver is an *insured* who does not own or lease the
>                    *car*; . . . .
>           . . . .
>
> When we refer to a *non-owned car*, *insured* means: . . .
>           3. their *relatives*, and . . . .

*See* Policy at 4, 9 (alterations in original). As mentioned earlier, the Honda is not a non-owned car with respect to Boyd. Therefore, while she is a relative, Boyd would not be considered an insured and is not entitled to a defense or coverage for the allegations made against her for negligent entrustment. Accordingly, State Farm's motion for summary judgment is granted.[7]

---

[7] Finally, Defendants assert that the State Farm policy should be stacked with Progressive Insurance's policy, but the court disagrees. "Stacking refers to an insured's recovery of damages under more than one policy in succession until all of his damages are satisfied or until the total limits of all policies have been exhausted." *Jackson v. State Farm Mutual Automobile Ins. Co.*, 342 S.E.2d 603, 604 (S.C. 1986). Defendants argue that if Cribb or Boyd is an insured, stacking could be available. (*See* Resp. at 6, 21.) Because the court finds that neither party is an insured, Defendants will not be able to stack the policy.

## IV.  CONCLUSION

It is, therefore,

**ORDERED,** for the foregoing reasons that Plaintiff State Farm's Motion for Summary Judgment is **GRANTED**.

**AND IT IS SO ORDERED.**

S/ Patrick Michael Duffy

PATRICK MICHAEL DUFFY
UNITED STATES DISTRICT JUDGE

Charleston, South Carolina
July 13, 2005